

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,930-01

### EX PARTE JAVIER ARELLANO QUINONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20160D01014-346-1 IN THE 346TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and interference with child custody and sentenced to imprisonment for life and two years.

Applicant contends that trial counsel failed to file a notice of appeal and advise him that he could file a *pro se* notice of appeal. We remanded this application and directed the trial court to order trial counsel to respond and to determine whether counsel complied with his duties under *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988), and *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). On remand, the trial court found that counsel failed to advise Applicant of his right to file a

*pro se* notice of appeal and recommended that we grant Applicant an out-of-time appeal.

We disagree. We hold that Applicant is estopped from claiming that trial counsel was ineffective given that Applicant refused to speak to counsel after he was sentenced. Applicant's claim relating to his murder conviction is denied. His claim relating to his interference with child custody conviction is dismissed.[1]

Filed: February 13, 2019
Do not publish

---

[1] Applicant's two-year sentence in this case has discharged, and he has not raised collateral consequences. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c).